

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

'12 FEB 17 PM 4: 16

| | | |
|---|---|---|
| **GARDEN STREET IRON & METAL, INC.** 2815 Spring Grove Avenue Cincinnati, OH 45225 | : : : | CASE NO. **1:12CV147** JUDGE: WEBER, Jr. |
| Plaintiff, | : : | |
| **CITY OF CINCINNATI, OHIO** *c/o* Milton Dohoney 801 Plum Street Cincinnati, OH 45202 | : : : | **COMPLAINT WITH JURY DEMAND** |
| Defendant. | : : | |

Plaintiff, Garden Street Iron & Metal, Inc., by counsel, for its Complaint against defendant, City of Cincinnati, state as follows:

### NATURE OF CASE

1. This is an action for violations of the United States Constitution and the Ohio State Constitution.

### DESCRIPTION OF THE PARTIES

2. Plaintiff, Garden Street Iron & Metal, Inc. ("Garden Street"), is an Ohio corporation with its principal place of business located in Cincinnati, Ohio.

3. Defendant, City of Cincinnati, is a municipal organization located in Hamilton County, Ohio.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because claims in this action arise under the laws of the United States, namely the United States Constitution.

5. Under 28 U.S.C. § 1367, this Court has ancillary jurisdiction over remaining state law claims, which are so related to the claims arising under federal law that they form a part of the same case or controversy.

6. Venue is appropriate in this Court under both 28 U.S.C. § 1391(b)(1) and (2) because the acts giving rise to the causes of action occurred, and parties to this litigation are located, within the boundaries of the Southern District of Ohio.

## FACTUAL BACKGROUND

7. On February 15, 2012 defendant passed Ordinance Number 30-2012, document number 201200237 (attached hereto as **Exhibit A**), which requires vendors of scrap metal to apply for and receive a license from the City Manager's office before he or she can engage in scrap metal purchases, sales, and other economic activity.

8. The application required in order to obtain a license to sell scrap metal mandates that an individual submit to a criminal background check and requires that the applicant have no prior "theft related convictions" before issuance of a permit.

9. Defendant's Ordinance also requires scrap metal dealers to engage in additional and burdensome recordkeeping requirements as they relate to fingerprinting and documenting of vendors.

10. Assuming, the City Manager's Office chooses to grant an individual a permit to sell or purchase scrap metal, the grantee must then furnish the City with not less

than $100 and not more than $400 before he or she may engage in scrap metal-related commerce.

11. Plaintiff has continuously engaged in interstate commerce with scrap metal vendors who are citizens and residents of Kentucky and Indiana and who reside many miles away from downtown Cincinnati.

12. Plaintiff's ability to continue to engage in interstate commerce with out of state vendors will be substantially frustrated by defendant's newly enacted City Ordinance due to the additional cost burdens, time constraints, and inefficiency associated with the Ordinance's enforcement.

13. Plaintiff Garden Street also regularly receives scrap metal by rail transportation and transports scrap metal by barge transportation through the rail yards and barge terminals of Cincinnati and the Ohio River. Loss of such interstate vendors of scrap metal to the Garden Street facilities will adversely affect interstate movement of scrap, without due regard for the adverse effects on such interstate commerce.

14. Defendant's Ordinance, which inhibits the interstate sale of scrap metal, is not the least burdensome means of serving the City's stated public purpose.

## COUNT I
### (VIOLATION OF UNITED STATES CONSTITUTION)

15. Plaintiff hereby incorporates the preceding paragraphs as if fully restated herein.

16. Plaintiff wishes to continue purchasing scrap metal from its numerous out of state vendors, and it competes with other businesses who wish to purchase those same items.

3

17. Plaintiff's out of state vendors have a right to sell scrap inside their home states without the additional burdens of increased cost, travel time, and submission to a background check – all of which are associated with obtaining a license to sell scrap in Cincinnati.

16. As a result of defendant's Ordinance, plaintiff's out of state vendors will no longer conduct business with Garden Street and will take their scrap items to purchasers located within Kentucky, Indiana, or outside of the Cincinnati city limits.

17. The United States Congress enacted the Resource Conservation and Recovery Act of 1976, 42 U.S.C. § 6901 *et seq.*, a federal statute.

18. Interstate movement of recyclable "scrap" metals is loosely regulated under the federal Resource Conservation and Recovery Act ("RCRA"), Subtitle D, with extensive federal encouragement of commerce in recycled goods moved for a commercially valuable purpose.

19. Because there is no express federal preemption clause in RCRA covering the scrap recycling industry, Dormant Commerce Clause jurisprudence applies to this matter.

20. The United States Supreme Court's jurisprudence, and associated case law discussing the Dormant Commerce Clause, requires strict scrutiny of defendant's interference with interstate commerce. This scrutiny requires the defendant to show that its local licensing scheme is the least burdensome manner of serving its stated public purpose.

21. Alternative means of combating defendant's stated public interest are less intrusive on plaintiff and other interstate sellers of scrap; and such alternative means have

4

been repeatedly suggested to defendant prior to the enactment of the Ordinance complained of herein.

22. Moreover, before defendant enacted the Ordinance in question, Cincinnati city officials already had legal means through which they could protect defendant's stated public interest. If given a high enough priority within the Cincinnati Police Department, these requirements for purchasing and selling scrap were adequate on their face before the defendant enacted Ordinance Number 30-2012.

23. Defendant's failure to enforce its existing laws is not a valid rationale for imposing the additional city requirements complained of herein.

24. The burden imposed on interstate commerce by defendant's Ordinance is clearly excessive in relation to the putative local benefits. Interstate waste transporters can be subjected to local controls only when the rules address local concerns and merely incidentally burden interstate commerce.

25. Plaintiff will suffer significant and irreparable economic harm and will be substantially inhibited from engaging in interstate commerce as a result of defendant's unconstitutional Ordinance.

## COUNT II
### (VIOLATION OF OHIO STATE CONSTITUTION)

26. Plaintiff hereby incorporates the preceding paragraphs as if fully restated herein.

27. O.R.C. § 4743.044 provides that no municipal corporation or other political subdivision shall enforce any regulation that is in conflict with sections 4737.01 to 4737.043 of the Revised Code; and no municipal corporation or other political

subdivision shall enact or enforce a regulation or ordinance applicable to a scrap metal dealer requiring a scrap metal dealer to individually identify and retain any scrap metal purchased or received.

28. The clear intention of the Ohio Legislature was to take exclusive control over scrap metal transactions to assure uniformity throughout the State, facilitate cooperative law enforcement collaboration though use of a unified system, and to keep all yards in a highly competitive market place on a level playing field.

29. The City Ordinance enacted by defendant violates the preemption provisions of O.R.C. § 4737.044, first sentence, by requiring redundant and conflicting paperwork and limitations on sale transactions which are already incorporated into existing law of uniform statewide applicability.

30. Section 843-3 (a), (b), and (c) of the defendant's Ordinance creates a new licensing scheme for persons selling scrap to licensed scrap metal processors in Cincinnati. As such, it creates a precondition to entering into a scrap metal transaction with a scrap metal processor.

31. Section 843-3 (a), (b), and (c) of defendant's Ordinance on its face conflicts with state law, Ohio Rev. Code 4737.01 *et seq.*, which promotes intra-state and inter-state commercial activity; and it undermines the interstate commerce desire of plaintiff in its interstate business, and conflicts with state statutory preemption: First, scrap metal transactions will be diverted to jurisdictions outside of Cincinnati beyond the City's jurisdiction, thereby frustrating the enforcement efforts of Cincinnati Police. Second, defendant's Ordinance artificially differentiates between dealers inside and outside Cincinnati, creating an unequal interstate commerce position, denying equal

protection of the laws, and artificially distorting the costs that one must pay to remain in the marketplace for interstate scrap metal.

32. Section 84-13 (a-3), (a-7), and (a-9) of defendant's Ordinance creates additional requirements on transaction-recordkeeping in direct violation of Ohio law as they pertain to thumb prints, description of scrap metal purchased, and reporting the consideration for the purchased material. These additional requirements are preempted by Ohio law in that they differentiate between dealers inside and outside of Cincinnati and create additional burdens on transactions made within the city limits.

33. Defendant's Ordinance imperils the ability of plaintiff to engage in lawful commerce; plaintiff is subject to existing police power under state law on a matter of statewide interest, and has a right to equal protection of its lawful commercial operations, while the Ordinance is in conflict with and must yield to the general state law.

34. As a result of defendant's overreaching and unconstitutional Ordinance, plaintiff faces substantial and irreparable economic damages.

**WHEREFORE**, plaintiff, Garden Street Metal & Iron, Inc., prays for the following relief:

(A) Injunctive and declaratory relief;

(B) Compensatory damages in an amount to be proven at trial;

(C) Costs and attorney fees;

(D) Pre-judgment and post-judgment interest;

(E) A trial by jury; and

(F) Any and all other relief to which plaintiffs are entitled.

Respectfully submitted:

*/s/ Pierce E. Cunningham*

Pierce E. Cunningham (0025233)
PIERCE E. CUNNINGHAM CO., LPA
441 Vine Street; 3500 Carew Tower
Cincinnati, OH 45202
Phone (513) 361-0100
Fax (513) 361-0110
Email: pcunningham@fuse.net
Attorney for Plaintiff

Prof. James T. O'Reilly (0030674)
24 Jewett Drive
Cincinnati OH 45215
Phone (513) 708-5601
Email: joreilly@fuse.net
Of Counsel